JUSTICE TRIEWEILER
specially concurring.
¶117 I concur with the result of the majority opinion. I would affirm the judgment of the District Court. I do not agree with all that is said therein, however, and in particular, disagree with parts of the majority’s rationale for affirming the District Court’s exclusion of the victim’s prior criminal offense.
¶118 The majority first sets forth § 45-3-102, MCA, which pertains to self-defense, and then concludes that the statute has nothing to do with which of two individuals was the aggressor. I would conclude that the statute is all about who was the aggressor. Self-defense is, by definition, a reaction to an act of aggression. The fact that the term “aggressor” is not used in § 45-3-102, MCA, should not foreclose the obvious.
¶119 I would affirm the District Court’s exclusion of evidence regarding Martinson’s prior offense (whatever that offense was) on the basis that no adequate offer of proof was made to preserve the issue for appeal. Rule 103(a)(2), M.R.Evid., provides as follows:
(a)... Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
*114 (2)... In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
¶120 In this case, we, as the reviewing court, do not know the substance of the evidence Sattler sought to introduce. During the cross-examination of the juvenile probation officer during which Sattler sought to introduce evidence of Martinson’s prior offense, his discussion with the District Court occurred in a manner that could not be heard by the jury and was not recorded. The only record we do have are comments made after the conclusion of evidence and during the settlement of jury instructions. At that time, the following discussion was had:
[MARTINSON’S ATTORNEY]: Your Honor, while we’re waiting, one other thing I think we need to put on the record would be the conversation we had in terms of when Mr. Warnecke was testifying, about my wanting to get in of Mr. Martinson being sent to Pine Hills for molestation because I believe that was a violent act. And the State objected and the Court indicated that it would not allow me to ask those questions.
THE COURT: With respect to the molestation charge, that’s correct.
[MARTINSON’S ATTORNEY]: Right.
THE COURT: The record will so reflect.
¶121 There is no offense in Montana known as “molestation,” and the specific acts by Martinson which Sattler sought to introduce were not identified. Therefore, I conclude that an adequate offer of proof was not made and that there is an insufficient record on which to conclude that relevant evidence pertaining to a characteristic of violence was excluded by the District Court.
¶ 122 For these reasons, I would affirm the judgment of the District Court, even though I do not agree with all that is said in the majority opinion.